UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 2:12-CR-00119-MJP |
| Plaintiff, | ) ) | DEFENDANT'S MOTION REQUESTING A |
| vs. | ) ) | *FRANKS* HEARING & MOTION TO SUPPRESS EVIDENCE GATHERED |
| MICHAEL A. DREYER, | ) ) | AS A RESULT OF DEFECTIVE AFFIDAVITS SUPPORTING |
| Defendant. | ) ) | SEARCH WARRANTS |
| _____ | ) | **Noted for June 15, 2012** **Evidentiary Hearing Requested** |

MOTION

COMES NOW Michael Dryer, by and through counsel John Kannin, pursuant to *Franks v. Delaware*, 438 US 154 (1978), and Rules 12(b)(3) and 41(h), and the reasons set forth below, moves this court for an order striking portions of the July 5, 2011 search warrant affidavit, quashing the warrant, and excluding the results of the July 6, 2011 search. Based on this first search warrant the government arrested Mr. Dreyer prior to searching his home, eventually entered his home, seized a computer and searched it. That arrest and search was used to supplement the first affidavit and obtain "probable cause" for the issuance of a second warrant to search the defendant's computers in December 2011. Since the second warrant was based upon the unlawful search, it too must be quashed and all evidence suppressed. Further defendant Dreyer requests that the Court conduct an evidentiary hearing pursuant to *Franks v. Delaware* (1978) to take testimony

DEFENDANT'S MOTION FOR A *FRANKS*
HEARING & TO SUPRESS EVIDENCE- 1

**KANNIN LAW FIRM P.S.**
16043 Sylvester Road Southwest
Burien, Washington 98166
Phone (206) 574-0202 - Fax (206) 574-0101
Email: paralegal@kanninlaw.com

concerning the first affiant's materially inaccurate information in his affidavit and further concerning the failure of the second affiant to provided the issuing magistrate with material evidence in his possession.

## I.  FACTS

On May 25, 2011 James Schrimpsher a detective with the City of Algona Washington Police Department reports that he spoke with Naval Criminal Investigative Services (NCIS) Agent Rachel Clergy by telephone. She informed Schrimpsher that Michael Dreyer was a suspect in a criminal child pornography investigation. In response to Agent Clergy's phone call, the detective went to the Algona City Hall and verified that Michael Dreyer lived in Algona.[1] On June 20, 2011, Detective Schrimpsher received NCIS Special Agent Stephen Logan's report.[2] Detective Schrimpsher states that he did not view any images or look at any computers. However, he states that he read NCIS Special Agent Logan's report.[3] Detective Schrimpsher described that he determined that the files Special Agent Logan reports being taken off of Dreyer's computer were child pornography.[4] Based upon Agent Logan's report, Detective Schrimpsher concluded Dreyer violated Washington State Law.[5]

On July 5, 2011 Detective Schrimpsher prepared an affidavit for search warrant. On the first page of the fourteen page affidavit the detective alleged that he thought evidence of the crime of possession of depictions of minor engaged in sexually conduct and evidence of dealing in depictions of minor engaged in sexually explicit conduct would be found at the Dreyer house in Algona.[6] Washington State laws RCW 9.68A.070 and RCW 9.68A.050 were cited in the affidavit. The remainder of page one through the middle of page seven contain boiler plate

---

[1] Exhibit C at 000005
[2] Exhibit C at 000036
[3] Id.
[4] Id.
[5] Id.
[6] See Exhibit A

DEFENDANT'S MOTION FOR A *FRANKS* HEARING & TO SUPRESS EVIDENCE- 2

KANNIN LAW FIRM P.S.
16043 Sylvester Road Southwest
Burien, Washington 98166
Phone (206) 574-0202 - Fax (206) 574-0101
Email: paralegal@kanninlaw.com

representations that are typical in search warrants and are not specific to Dreyer or the government's case against him. Beginning at the bottom half of page seven (7) and continuing on all through page eight (8) are the facts of the investigation related to the government's case against Dreyer that Detective Schrimpsher included in his affidavit.

On July 5, 2011, Detective James Schrimpsher of the City of Algona Police Department presented his Affidavit for Search Warrant to King County District Court Judge Corinna Harn. The detective is believed to have appeared in Judge's Harn's court seeking permission to search a residential home at ▓▓▓▓▓▓ Algona, Washington 98001. According to Detective Schrimpsher "Since all the arrangements were made I scheduled time with a judge to have the warrant reviewed and approved. On July 5, 2011 I had the warrant signed and approved by a King County Judge." [7] Judge Harn confirms that Detective Schrimpsher gave her the affidavit and warrant at 1:45 p.m. on July 5, 2011. At the same time, 1:45 p.m. on July 5, 2011, Judge Harn signed the search warrant commanding any peace officer in the State of Washington to enter the residential home at ▓▓▓▓▓▓ in Algona, search the home and seize all of the computers in the home.[8] According to his affidavit at page 8,[9] Detective Schrimpsher alleges that he concluded that the files on Dreyer's computer were child pornography because of Agent Logan's report that the files were child pornography. "For further details on Agent Logan's investigation please see Addendum A which is a complete copy of SA Logan's completed report and is attached to the affidavit."[10] Notably, there is nothing in Detective Schrimpsher's affidavit that details or describes the purported child pornography. There is nothing entitled Addendum A attached to the detective's affidavit. Moreover, proof that Agent Logan's completed report was presented to Judge Harn on July 5 is missing along with confirmation that

---

[7] Exhibit C at 000039
[8] Exhibit A at 000184-186
[9] Exhibit A at 000142
[10] Id.

DEFENDANT'S MOTION FOR A *FRANKS*
HEARING & TO SUPRESS EVIDENCE- 3

**KANNIN LAW FIRM P.S.**
16043 Sylvester Road Southwest
Burien, Washington 98166
Phone (206) 574-0202 - Fax (206) 574-0101
Email: paralegal@kanninlaw.com

it was filed in King County District Court on July 5. The only proof present shows that the affidavit was filed on July 7, 201, the day after the search, two days after the warrant was issued, and two days after Detective states that he presented it to Judge Harn.[11] Regardless of when the affidavit was filed, there is no proof that Judge Harn read Special Agent Logan's completed report or that she relied upon it in any way.[12] Thus, there is no proof that facts amounting to sexually explicit conduct involving minors was ever presented to the court. Additionally, there are no facts in the warrant showing that Mr. Dreyer caused files containing child pornography to be sent to anyone else.

Detective Schrimpsher reports that the warrant was executed on July 6, 2011 at approximately 9:15 a.m. Six police officers arrived at the Dreyer residence at ▮▮▮▮▮▮▮▮ in Algona. Detective Schrimpsher, Detective Newton, Sergeant Gaskill, and Officer Job of the Algona Police Department along with Detective Polhemus and Detective Luckie of the Seattle Police Department. Upon arriving at the Dreyer residence, the officers knocked on the front door. Mrs. Dreyer answered the door and the police officers went inside. In response to the officers' questions, Mrs. Dreyer told the officers that her husband was not home because he was working at a food bank in Kent.[13] Detective Schrimpsher, Detective Polhemus and Sergeant. Gaskill left the Dreyer home in Algona and drove to the food bank in Kent. Upon arriving, the officers went inside and found Mr. Dreyer. Detective Schrimpsher told Dreyer that the police officers wanted to talk to him and took Dreyer outside. Once outside Dreyer told Detective Schrimpsher that he did not wish to speak with him. In response, the police officers arrested Dreyer and put him inside of their police SUV. Once Dreyer was confined inside of the police SUV Detective Schrimpsher began questioning Dreyer. Dreyer told Schrimpsher he did not

---

[11] Exhibit A at 000135
[12] Exhibit A
[13] Exhibit C at 000042

DEFENDANT'S MOTION FOR A *FRANKS* HEARING & TO SUPRESS EVIDENCE- 4

KANNIN LAW FIRM P.S.
16043 Sylvester Road Southwest
Burien, Washington 98166
Phone (206) 574-0202 - Fax (206) 574-0101
Email: paralegal@kanninlaw.com

want to answer questions.[14] Discovery at 000213-214. The detective told Dreyer that Dreyer would be going with the officers and they were taking him to his house. At this point, Dreyer asked if he could drive his car home. The officers refused and told Dreyer to go back inside the food bank and find someone else to drive his car home. The police officers searched Dreyer's vehicle before letting a fellow food bank volunteer take the car back to the Dreyer home. Dreyer did not consent to this search. As the police officers searched Dreyer's car they kept Dreyer confined inside the police officer's SUV parked in front of the food bank. A police officer was sitting in the front seat and Dreyer was in the back. Eventually, all three of the police officers got into the SUV. The officers were all armed with handguns. At least one of the officers was wearing a full police uniform.[15] Algona Police Officer Job admits that the Algona officers took Dreyer into custody during their investigation.[16] When Dreyer was confined in the police SUV the officers continued to question Dreyer without *Mirandizing* him even after he told the officers multiple times he did not want to answer questions.[17] He was kept in police custody from the time he was taken out of the job bank until he would be booked into the King County jail. Upon arriving at Dreyer's home the police officers kept Dreyer confined in the SUV. From the time the police officers arrested Dreyer at the food bank until Officer Job booked Mr. Dreyer into the King County Jail, one or more police officers stood guard over Dreyer at all times. Eventually, Dreyer told the officers that if there was child pornography on the computer inside the house it had been deleted.

 On December 1, 2011, Agent Dan Huynh from the United States Department of Homeland Security appeared in the Federal District Court and presented an affidavit for a search warrant to the Court. The affidavit repeated the same statements that were found in the original affidavit

---

[14] Exhibit C at 000213-214
[15] Exhibit C at 000042
[16] Exhibit C at 000034
[17] Exhibit C at 000213-214

DEFENDANT'S MOTION FOR A *FRANKS*
HEARING & TO SUPRESS EVIDENCE- 5

KANNIN LAW FIRM P.S.
16043 Sylvester Road Southwest
Burien, Washington 98166
Phone (206) 574-0202 - Fax (206) 574-0101
Email: paralegal@kanninlaw.com

presented in the King County District Court in July 2011. Notably, the federal agent's affidavit relied almost exclusively upon evidence seized on July 6, 2011 as justification for the December 1, 2011 search warrant. The Homeland Security agent left the courthouse with a signed search warrant. The warrant was completely tainted by the prior illegal acts that occurred during the searching and the gathering of evidence purportedly justified by the July 5, 2011 search warrant.

## II. ARGUMENT

The Fourth Amendment requires a hearing when a defendant challenges the veracity of a sworn statement used by a police officer to secure a search warrant. *Franks v. Delaware*, 438 U.S. 154 (1978). In order to have the hearing, the defendant must show (1) that the false statement was knowingly, intentionally or with a reckless disregard for the truth included by the affiant in the warrant affidavit and (2) that the false statement was necessary to the finding of probable cause. *Franks v. Delaware*, 438 U.S. at 156. The search warrant must be voided when, by a preponderance of the evidence, and with the affidavit's false statement set aside, the affidavit's remaining content is insufficient to establish probable cause. Once the warrant is voided, the fruits of the search must be excluded. *Franks v. Delaware*, 438 U.S. at 156. A *Franks* hearing may be required when the affiant omits material information from the search warrant affidavit. *United States v. Leon*, 468 U.S. 897 (1984). In this case, a *Franks* hearing should be held to determine the validity of Officer Schrimpsher's affidavit for the July 5, 2011 search warrant for Dreyer's home. A second *Franks* hearing should be held to determine the validity of Homeland Security Agent Dan Huynh's affidavit for the December 1, 2011 warrant affidavit.

<u>July 5, 2011 Affidavit and Warrant</u>[18]

---

[18] Exhibit A

DEFENDANT'S MOTION FOR A *FRANKS* HEARING & TO SUPRESS EVIDENCE- 6

KANNIN LAW FIRM P.S.
16043 Sylvester Road Southwest
Burien, Washington 98166
Phone (206) 574-0202 - Fax (206) 574-0101
Email: paralegal@kanninlaw.com

The court should grant the defendant's request for a *Franks* hearing on the July 5, 2011 warrant requested by Detective Schrimpsher because he knowingly, intentionally, or recklessly disregarded the truth about what constitutes a violation of child pornography laws in his warrant affidavit. In Section D, pages 11-12, of his warrant affidavit, Detective Schrimpsher states that child pornography may be stored or found in the unallocated free space of the computer's hard drive and implies that this is unlawful. He further claims that possessing such deleted files is sufficient grounds for a warrant to search and remove an individual's computer from his home for further investigation. However, under *United States v. Flyer*, the detective's claims are not true. "[T]o establish possession, the government must prove a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over [it]." *Id.* (internal quotation omitted) (alteration in the original)." *United States v. Flyer*, 633 F.3d 911 (2011). 'Possession' is '[t]he fact of having or holding property in one's power; the exercise of dominion over property.' " *United States v. Romm*, 455 F.3d 990, 999 (9th Cir. 2006) (quoting Black's Law Dictionary 1183 (7th ed. 1999)). In *Flyer*, the Ninth Circuit Court of Appeals held that child pornography files found in a computer's unallocated free space could not be knowingly possessed in violation of 18 USC § 2252A. The Court reasoned that since this part of the computer contains deleted or temporary files, the computer's user cannot knowingly possess the files assigned to the disk's unallocated free space. Additionally, unallocated free space files cannot be viewed unless special recovery software is utilized to recover and view these files. Moreover, a typical computer user would not even know the files were in this location because they cannot be seen without using a specialized computer program. In fact, finding child pornography files in unallocated free space would tend to show that a person does not possess child pornography. Thus, claiming that a search of the

DEFENDANT'S MOTION FOR A *FRANKS* HEARING & TO SUPRESS EVIDENCE- 7

**KANNIN LAW FIRM P.S.**
16043 Sylvester Road Southwest
Burien, Washington 98166
Phone (206) 574-0202 - Fax (206) 574-0101
Email: paralegal@kanninlaw.com

unallocated free space on a person's computer is necessary to show that they possess child pornography is false. By presenting this claim the affiant demonstrates a lack of knowledge about computers and child pornography. In an earlier boilerplate section of the affidavit, the detective purports to know a lot about criminal investigations; however, this may not apply to child pornography law violations.

Detective Schrimpsher knew or should have known what constitutes a child pornography law violation when applying for a search warrant to find evidence of illegal possession of child pornography on Dreyer's computer. The purpose of the search was to gather evidence so that the government could charge Dreyer with illegal possession of child pornography. Thus, the material misstatement of what constitutes a law violation demonstrates the police officer's lack of knowledge about what evidence is necessary and admissible to charge someone with illegal possession of child pornography. By failing to provide the Court with the information that deleted files are not illegal, and by misrepresenting that files in unallocated free space can constitute unlawful possession, and by further misrepresenting that these deleted files constitute a lawful basis for the police to conduct further searches, and by telling the Court that he was knowledgeable about child pornography laws, the officer misinformed the King County District Court. Thus, the King County judge was put into the position of granting a search warrant on false pretenses. For these reasons, this Court should require a *Franks* hearing in *U.S. v. Dreyer* to determine whether the misrepresentations were made to determine if the July 5, 2011 warrant was lawfully issued.

December 1, 2011 Affidavit and Warrant [19]

The Court should also grant the defendant's request for a *Franks* hearing on the December 1, 2011 warrant requested by affiant Homeland Security Agent Huynh because when

---

[19] Exhibit B attached

DEFENDANT'S MOTION FOR A *FRANKS* HEARING & TO SUPRESS EVIDENCE- 8

KANNIN LAW FIRM P.S.
16043 Sylvester Road Southwest
Burien, Washington 98166
Phone (206) 574-0202 - Fax (206) 574-0101
Email: paralegal@kanninlaw.com

the agent requested the search warrant he made several material omissions in his affidavit. Because of the omissions, the Federal Magistrate Judge was at best misinformed, and at worst deceived. He issued the warrant based upon an improper showing of probable cause. If the magistrate judge had known what the agent omitted, it is unlikely that the magistrate would have determined there was sufficient probable cause to issue the second search warrant. The Agent's omissions were made knowingly, intentionally or with a reckless disregard for the truth.

First, Agent Huynh omitted Dreyer's statements during his recorded interview that he had deleted the suspected child pornography files. Thus they were not on his computer or Dreyer did not know they were on his computer. The agent had the information in hand when he applied for the second search warrant on December 1, 2011 yet he chose to omit it from his affidavit. The Homeland Security agent's affidavit included several pages from the transcript of Dreyer's interview with the Algona Police Department. However, the parts of the transcript that included Dreyer's statements showing that he deleted the files were omitted.[20] Additionally, Huynh omitted evidence showing that Dreyer had deleted the entire downloading program, including any associated files. These omitted statements tend to show that Dreyer had not committed the crime of unlawful possession of child pornography. Thus, further searching would not be required. Under the ruling in *United States v. Flyer*, 633 F.3d 911 (9th Cir. 2011), deleted files cannot be used to support a charge of possession of child pornography. Knowing this law, Agent Huynh intentionally failed to include Dreyer's statement to the police that he deleted his files. Thus, Huynh knew that Dreyer was not actually possessing child pornography when he applied for the search warrant but omitted it. This information was critical to the determination of whether or not probable cause existed for the judge to issue the warrant to

---

[20] Exhibit C at 000228

DEFENDANT'S MOTION FOR A *FRANKS* HEARING & TO SUPRESS EVIDENCE- 9

KANNIN LAW FIRM P.S.
16043 Sylvester Road Southwest
Burien, Washington 98166
Phone (206) 574-0202 - Fax (206) 574-0101
Email: paralegal@kanninlaw.com

conduct more searches of Dreyer's computer. If Dreyer was not in possession of the files, it is likely the judge would not have issued the warrant. Moreover, this raises the question of why any further searching was necessary since the Algona Police and the Seattle Police had already seized and searched Dreyer's computer, and the Naval Criminal Investigative Service (NCIS) had also searched the computer. Agent Huynh had the reports memorializing the results of these searches. Thus, he also had the information showing that the suspected child pornography files had been deleted, corroborating Dreyer's statement that the files were deleted. By denying the judge the opportunity to review the complete factual record, Huynh knowingly deceived the judge and obtained a warrant on false pretenses. Thus, the Court should now order a *Franks* hearing to determine the credibility of Homeland Security Agent Huynh and whether these omitted facts should be considered when reviewing the magistrate's decision to issue a new search warrant.

Second, the agent did not tell the Court in his warrant affidavit that the original administrative subpoena used to obtain Dreyer's private information from a telecommunications company did not comply with the administrative subpoena law. Under 18 USC §3486, an administrative subpoena may be used in lieu of a search warrant for Fourth Amendment purposes. However, the subpoena may only be used (1) in any investigation of a federal offense involving the sexual exploitation or abuse of children… and (2) the offense must fall under one of the enumerated criminal violations in 18 USC §3486(D). In this case, the original administrative subpoena requestor did not inform the FBI that the subpoena was being requested for an investigation of a federal offense involving the sexual exploitation of children. Instead, the subpoena merely stated that the purpose for the subpoena was "Suspect IP was identified in area of large DOD and USN saturation indicating likelihood of USN/DOD

DEFENDANT'S MOTION FOR A *FRANKS* HEARING & TO SUPRESS EVIDENCE- 10

KANNIN LAW FIRM P.S.
16043 Sylvester Road Southwest
Burien, Washington 98166
Phone (206) 574-0202 - Fax (206) 574-0101
Email: paralegal@kanninlaw.com

suspect." Based on this vague request the FBI served Comcast, Inc. with an administrative subpoena that purportedly complied with federal law. However the initial administrative subpoena request and the subsequent subpoena failed to comply with the requirements of the enabling statute, 18 USC §3486, and the underlying legislative purpose behind it. Furthermore, Agent Huynh misinformed the magistrate judge that an NCIS agent served a subpoena request on Comcast. This was not true. In fact, the NCIS agent sent a one page fax request containing a one sentence, vague statement about DOD and USN saturation to the FBI. Acting upon the statement without verifying that any federal law was in fact being violated, the FBI served a subpoena on Comcast. It was the FBI, not an NCIS agent, who in fact served Comcast with the administrative subpoena. The truth about the flawed administrative subpoena was never presented to the Court.

Third, Special Agent Huynh knowingly, intentionally or with reckless disregard failed to inform the judge that Detective Schrimpsher obtained a search warrant based solely on hearsay statements describing Dreyer's allegedly illegal computer files. Detective Schrimpsher admits that he did not personally view the alleged child pornography that NCIS Agent Logan says he took off of Dreyer's computer during the "undercover investigation." It appears that Schrimpsher never even spoke with Logan. Instead, he relied only upon the written descriptions of three (3) suspect files that may or may not have been on Dreyer's hard drive when Schrimpsher applied for his search warrant in July 2011.

Fourth, the judge was not informed that the Algona police arrested Dreyer without a warrant before the police officers searched his computer and his home in Algona. Moreover the police did not have an arrest warrant and did not have probable cause to arrest Dreyer. Ironically the police first went to Dreyer's house searching for probable cause to arrest him.

DEFENDANT'S MOTION FOR A *FRANKS* HEARING & TO SUPRESS EVIDENCE- 11

**KANNIN LAW FIRM P.S.**
16043 Sylvester Road Southwest
Burien, Washington 98166
Phone (206) 574-0202 - Fax (206) 574-0101
Email: paralegal@kanninlaw.com

When they realized that they could not find what they were looking for the officers left the house and arrested Dreyer at his work place. They then returned to resume the search at Dreyer's home.

Fifth, the agent did not tell the judge that the arresting officers did not give Dreyer the required *Miranda* warnings after arresting him at his work place and before questioning him. The agent omitted the facts showing that the police officers kept Dreyer confined inside of a police vehicle for around forty-five (45) minutes, questioned him, and relayed Dreyer's answers to the officers inside of the house. This coerced assistance in searching his own home was not disclosed to the Court yet the agent obviously knew about it as it is all memorialized in the government's transcript of its custodial interrogation of Dreyer.

Because Huynh intentionally made several omissions to the judge when requesting the search warrant on December 1, 2011 a *Franks* hearing should now be held to determine whether material omissions were made and whether a second search warrant should have been issued based upon the true facts of this case.

### III. CONCLUSION

For all the reasons stated above, the defendant respectfully requests that this Court grant his request to hold a *Franks* hearing for each of the search warrants challenged in this case.

Respectfully submitted this 31st day of May 2012.

/s/ John Kannin
John Kannin, WSBA #23715
Email: paralegal@kanninlaw.com
Attorney for Michael Dreyer

DEFENDANT'S MOTION FOR A *FRANKS* HEARING & TO SUPRESS EVIDENCE- 12

KANNIN LAW FIRM P.S.
16043 Sylvester Road Southwest
Burien, Washington 98166
Phone (206) 574-0202 - Fax (206) 574-0101
Email: paralegal@kanninlaw.com